evidence obtained through the 1966 wiretaps; and in 1970 they moved to dismiss the indictment on the ground that the other evidence was insufficient to support the charge. The motions were granted; the wiretap evidence was suppressed and the indictment was dismissed. The People have appealed. The narrow issue on this appeal is whether the wiretap evidence is admissible since it was obtained before *Lee* (*supra*) but the trial was to be held after *Lee* was decided. In my opinion it is. It is true that in *Fuller* (*supra*) which held that *Lee* (*supra*) was not to be applied retroactively, the Supreme Court used these words: "we hold that the exclusionary rule [of *Lee*] is to be applied only to trials in which the evidence is sought to be introduced after the date of our decision in *Lee*" (p. 81). But this language must be read with that used by the same court in the later cases of *Kaiser* v. *New York* (394 U. S. 280) and *Desist* v. *United States* (394 U. S. 244).* In *Kaiser* the court said this (pp. 282–283): "Since the wiretapping in this case occurred before *Katz* was decided * * * its fruits were not inadmissible under the exclusionary rule of the Fourth and Fourteenth Amendments." And in *Desist* the majority said the following: "the convictions must * * * be reversed if *Katz* is to be applied to electronic surveillance conducted before the date of that decision. We have concluded, however, that to the extent *Katz* departed from previous holdings of this Court, it should be given wholly prospective application [p. 246]. * * * we hold that *Katz* is to be applied only to cases in which the prosecution seeks to introduce the fruits of electronic surveillance conducted after December 18, 1967" (p. 254). Pointing up the rationale of its holding of nonretroactivity, the *Desist* majority noted (p. 253) that even before the decision in *Mapp* v. *Ohio* (367 U. S. 643) the State courts knew that unreasonable searches were unconstitutional, but that before *Katz* was decided nontrespassory electronic surveillance had not been considered unconstitutional. Commenting on this last point, Justice FORTAS, dissenting, said (p. 274): "In *Kaiser* v. *New York*, the Court affirms a state conviction despite the fact that the conviction was based upon telephone conversations that the police had recorded by a wiretap * * * made pursuant to a warrant * * * on the assertion that the *Olmstead* doctrine [permitting such wiretaps] was fully viable at the time that the * * * telephone conversations were overheard." Reading *Fuller* together with *Kaiser* and *Desist*, it seems plain to me that the present rule is that wiretap evidence obtained before *Lee* was decided is admissible at a State criminal trial, even if the trial was or is to be held after the *Lee* decision. That is the situation in the case at bar and it therefore was error to suppress the wiretap evidence and dismiss the indictment because of insufficiency of the remaining evidence. Hence, the order suppressing evidence should be reversed insofar as appealed from and the order dismissing the indictment in question should be reversed and the motions for that relief denied.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GERALD McDONOUGH, Appellant.—

---

* *Kaiser* involved nontrespassory wiretapping and a State prosecution; *Desist* involved nontrespassory bugging and a Federal prosecution; and both cases dealt with the retroactivity of the Supreme Court's recent holding in *Katz* v. *United States* (389 U. S. 347 [dec. Dec. 18, 1967]) that evidence obtained by nontrespassory eavesdropping was inadmissible, despite earlier holdings to the contrary.

Hopkins, Acting P. J., Munder, Christ, Brennan and Benjamin, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. AL OLSON, Appellant.—

Munder, Acting P. J., Martuscello, Shapiro, Gulotta and Benjamin, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. STEVEN TOWNSEND, Appellant.—

Defendant was indicted for murder committed on September 29, 1967. At that time he was 17 years old and a high school student living with his parents. He voluntarily appeared at the police station on September 30, 1967. The prosecution obtained three oral statements and one written one from him as a result of continuous questioning between 9:00 P.M. on that day and 2:30 A.M. on October 1, 1967. The three oral statements were suppressed after a *Huntley* hearing because the required warnings under *Miranda* v. *Arizona* (384 U. S. 436) had not been given to defendant. However, the written statement (the last to be obtained) was held admissible. It is the circumstances under which it was procured from defendant that concerns me. The court at the *Huntley* hearing found as fact that while the police were questioning defendant, his mother telephoned the precinct several times to ascertain whether her son was there and that each time she was informed by the desk officer that defendant was not there. The court declared that " This if an intentionally false tactic, is to be deplored", but that " requests *by* the family are not deemed requests for counsel such as would command a halt to interrogation " (emphasis in original). As the written statement was the chief evidence of guilt, the conduct of the police in obtaining it must pass the test not only prescribed by *Miranda* (*supra*) but also by the requirements of due process. Requests by the family to see a defendant, it is true, do not amount to requests by the defendant to see counsel (*People* v. *Hocking,* 15 N Y 2d 973; *People* v. *Taylor,* 16 N Y 2d 1038) and do not render inadmissible otherwise validly